## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TRADERPLANET.COM, LLC**

    **Plaintiff,**

v.                                           **Case No.  8:13-cv-3120-T-30TBM**

**THE FOUNDATION FOR THE
STUDY OF CYCLES, INC., d/b/a
TRADINGPLANETS.COM**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses and to Dismiss Count II of Defendant's Counterclaim (Dkt. 20) and Defendant's Response in Opposition (Dkt. 21).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff TraderPlanet.com, LLC instituted this action against Defendant The Foundation for the Study of Cycles, Inc., d/b/a TradingPlanets.com alleging, in relevant part, that Trading Planets committed trademark infringement in violation of the Lanham Act and Florida law.

In response to the complaint, Trading Planets filed an answer, affirmative defenses, and two-count counterclaim.  Trader Planet now moves to strike a number of Trading

Planets' affirmative defenses. Trader Planet also moves to dismiss Count II of the counterclaim, a claim for cancellation of registration, for failure to state the allegations of fraud with particularity under Fed. R. Civ. P. 9(b).

Affirmative defenses included in an answer are a pleading that must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.,* 187 F.3d 1287, 1303 (11th Cir.1999). Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied *unless it is clear the pleading sought to be stricken is insufficient as a matter of law*." *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC,* 2011 WL 398047, at *1 (M.D. Fla. Feb. 4, 2011) (Moody, J.) (emphasis added).

A defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial. *See F.D.I.C. v. Bristol Home Mortg. Lending, LLC,* 2009 WL 2488302, at *3 (S.D. Fla. Aug. 23, 2009).

Trader Planet's motion to strike moves, in part, to strike affirmative defenses 6 and 7 because affirmative defense 6 simply denies the complaint's allegations and affirmative

defense 7 attempts to reserve the right to assert additional defenses. This request is denied because, as set forth above, the Court treats affirmative defense 6 as a specific denial.

As for affirmative defense 7, although it is neither an affirmative defense, nor a specific denial, there is no need to strike it at this point. A request to assert an additional defense would have to be made through the proper channels, i.e., Trading Planets would have to file a motion to amend. Thus, although it is axiomatic that affirmative defense 7 does not have any merit to contravene the Court's Case Management and Scheduling Order, there is no need to file a motion to strike the purported defense. Indeed, if the Court were to entertain motions to strike a defense that merely reserves a party's right to assert additional defenses, the Court would be inundated with frivolous motions because these "reservation of rights to bring additional defenses" are frequently included in a defendant's answer. In other words, the Court's resources should not be wasted on such nominal issues.

The Court also denies Trader Planet's motion to strike affirmative defenses 1-5, and 8. Trader Planet argues that these defenses fail to plead sufficient factual allegations. This Court disfavors motions to strike affirmative defenses because the facts related to an affirmative defense can be easily ferreted out during discovery. And any argument with respect to the sufficiency of the defense is more appropriate at the summary judgment stage. Simply put, the affirmative defenses are sufficient to place Trader Planet on notice.

The Court also concludes that Count II of the counterclaim is sufficient under Fed. R. Civ. P. 9(b). Count II alleges several grounds for cancellation of Trader Planet's registration, including fraud, failure to use the mark in commerce, and abandonment. Trading Planets alleges facts that Trader Planet knowingly submitted false affidavits to the United States

Patent and Trademark Office in connection with Trader Planet's application. Trading Planets attaches the application to its counterclaim; the application, which is considered part of the claim, contains additional details in support of the claim. The abandonment and assignment of goodwill allegations are also sufficiently pled.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Strike Affirmative Defenses and to Dismiss Count II of Defendant's Counterclaim (Dkt. 20) is denied.

2. Plaintiff shall file an answer to Defendant's counterclaim within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-3120.mtstrikeAD-deny.wpd